IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANGEL MARTINEZ,          *
aka THOMAS ALVEREZ,      *
                         *
        Petitioner,      *
                         *          No. 4:07cr00127 SWW
vs.                      *          (No. 4:10cv0017 SWW)
                         *
                         *
                         *
UNITED STATES OF AMERICA, *
                         *
        Respondent.      *

<u>MEMORANDUM AND ORDER</u>

Before the Court is a *pro se* 28 U.S.C. § 2255 motion [doc.#551] of petitioner Angel

Martinez aka Thomas Alvarez to vacate, set aside, or correct his sentence.  The government has

responded in opposition to petitioner's motion.  The Court held a limited evidentiary hearing on

petitioner's motion on the afternoon of September 9, 2010.  For the reasons that follow, the

Court finds that petitioner's § 2255 motion should be and hereby is denied.

I.

Petitioner was charged in a Fourth Superceding Indictment with conspiracy to distribute

methamphetamine (Count 1) and the use of a telephone to facilitate distribution of

methamphetamine (Count 2).  Petitioner was initially represented by attorney Stuart Vess.  On

February 19, 2008, Vess filed a motion to withdraw, stating *inter alia* that he entered into plea

negotiations with the government and obtained what he considered to be a viable plea

agreement.  Vess stated he discussed the matter with petitioner who gave him the impression that

he was interested in pursuing the plea agreement but that at the last minute, petitioner rejected

the plea agreement and formed the opinion that counsel was not acting in his best interest.  Vess

stated that at that point, he was unable to communicate with petitioner and that the working relation with petitioner deteriorated to the point that it was impossible for him to provide petitioner with effective representation.  Vess stated that petitioner expressed to the Court his unhappiness with counsel's representation and despite indicating that he would rather proceed *pro se*, requested that Vess seek substitution of counsel.  Vess requested that he be immediately relieved of his duties and obligations to petitioner, which this Court granted on February 28, 2008 [doc.#325].  Thereafter, by Order entered March 12, 2008 [doc.#328], the Court appointed Leslie Ablondi as petitioner's counsel.

On August 12, 2008, petitioner pled guilty to Count 1 of the Fourth Superseding Indictment and Count 2 was dismissed on motion of the government.  On January 7, 2009, petitioner was sentenced to 168 months imprisonment followed by five years of supervised release.  Judgment was entered on January 15, 2009 [doc.#513].  Petitioner did not appeal his sentence.

On January 11, 2010, petitioner filed his *pro se* § 2255 motion asserting the following grounds for relief: (1) counsel's assistance was ineffective for failing to file a notice of appeal; (2) counsel's assistance was ineffective for failing to investigate; and (3) counsel's assistance was ineffective for promising petitioner he would receive a 10 year sentence if he pleaded guilty and would receive the safety-valve relief[1] and minor role.

Because the record was inconclusive as to whether petitioner instructed counsel to file a notice of appeal, the Court appointed attorney James H. Phillips to represent petitioner and held an evidentiary hearing on that issue.  *See Doutt v. United States*, 77 Fed.Appx. 919 (8th Cir.

---

[1] Safety-valve relief allows a district court to disregard an applicable statutory minimum if certain requirements are met.  *United States v. Bonilla-Filomeno*, 579 F.3d 852, 858 (8th Cir. 2009) (citing 18 U.S.C. § 3553(f)).

2003) (evidentiary hearing required where the record is inconclusive as to whether petitioner instructed his counsel to file a notice of appeal).  However, because the record conclusively shows that petitioner is not entitled to relief on his remaining claims, the Court decides those remaining claims without conducting an evidentiary hearing.  *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).[2]

## II.

### A.

"A defendant who claims that he received ineffective assistance of trial counsel has the burden to show both that counsel's performance was deficient – *i.e.*, that 'the identified acts or omissions were outside the wide range of professionally competent assistance' despite the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' – and that the defendant suffered prejudice – *i.e.*, 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Sanders v United States*, 341 F.3d 720, 721-22 (8th Cir. 2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 689-90, 694 (1984)).  In the context of a guilty plea,

---

[2] Petitioner's appointed counsel for the § 2255 evidentiary hearing previously filed a motion to clarify issues [doc.#572], stating *inter alia* that confusion had arisen between counsel and petitioner as to the issues to be resolved by this Court at the hearing and that counsel was of a mind that the only issue to be resolved at the hearing was related to allegations made by petitioner that he had not been afforded an opportunity to appeal his case.  By Order dated June 28, 2010 [doc.#575], the Court granted counsel's motion for clarification and informed the parties that the only claim to be addressed at the evidentiary hearing will be petitioner's first claim for relief, *i.e.*, that counsel's assistance was ineffective for failing to file a notice of appeal, and that petitioner's remaining claims – that counsel's assistance was ineffective for failing to investigate and for promising petitioner he would receive a 10 year sentence if he pleaded guilty and promising he would receive the safety-valve relief and minor role – would be resolved on the basis of the record as it now stands.

petitioner needs to show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *United States v. Wilson*, 114 Fed.Appx. 770 (8th Cir. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Petitioner also needs to overcome "strong presumptions" of counsel's competence and the voluntariness of his guilty plea based on his representations during the plea colloquy. *Id.* (citing *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam)).

B.

1.

The Court first turns to petitioner's claims that counsel was ineffective for failing to file a notice of appeal. A counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of § 2255. *Doutt*, 77 Fed.Appx. 919.

As stated from the bench at the conclusion of the evidentiary hearing, the Court finds that petitioner understood at the time of the time he entered his plea that the sentencing range was a minimum of 10 ten years, but that depending on the quantity of the drugs, it could go beyond that and could be as long as life. At petitioner's sentencing on January 7, 2009, the Court recited on the record the guideline range, noting that the custody range for petitioner under the guidelines was 188 to 235 months imprisonment, and over objections of the government, granted counsel's request to depart below the guideline range and sentenced petitioner to 168 months to reflect a sentence comparable to those of his co-defendants.[3] The Court specifically informed

---

[3] On this point, then, petitioner, far from receiving ineffective assistance of counsel, received highly *effective* assistance of counsel. The Court notes that petitioner could hardly have expected a 10 year sentence as petitioner does not dispute that prior to his guilty plea, while represented by Vess, he attempted to plead guilty by insisting on a 10 year sentence (perhaps based on bad advice from fellow prisoners) but that the Court did not accept his guilty plea that first time as the Court would not bargain with petitioner and make him any promises, as the Court made clear during the sentencing hearing.

4

petitioner that he had the right to appeal, that with few exceptions any notice of appeal must be filed within ten days of judgment being entered, that he has the right to an attorney and to have notice of appeal filed, that if he could not pay the cost of an appeal he may apply for leave to appeal in forma pauperis, and that if he so requested the Clerk of Court would prepare and file the notice of appeal on his behalf.  *See* Fed.R.Crim.P. 32(j).  Petitioner stated he understood what the Court said about the right to appeal.  The Court additionally asked counsel whether he would discuss with petitioner his right to appeal, to which counsel replied he would, and file any notice of appeal on his behalf or request the Court to do so.

"Once counsel consults with a defendant about the right to appeal, his subsequent performance is professionally unreasonable only if he fails 'to follow the defendant's express instruction with respect to an appeal.'"  *Keys v. United States*, 545 F.3d 644, 647 (8th Cir. 2008) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000)).  The Court finds credible the testimony of Ablondi, who testified that he told petitioner – correctly, the Court notes – that he had been fortunate in getting a sentence below the guidelines, and that his advice was not to appeal as petitioner might ultimately end up with a higher sentence. Ablondi further testified that petitioner was happy and agreed not to appeal.  Indeed, petitioner testified that following sentencing, he needed more time to consult his family members on his next course of action and that he thought – erroneously – that he could have more than ten days to file a notice of appeal. Petitioner's testimony on whether he instructed counsel to file a notice of appeal was both vague and unsubstantiated and the Court finds that petitioner has failed to carry his burden of proof by a preponderance of the evidence that Ablondi did not file a notice of appeal when requested to do so; there simply is nothing indicating that petitioner instructed counsel to file a notice of

appeal or that counsel failed to follow petitioner's instructions.  *Wilson*, Fed.Appx. 770.

2.

The Court additionally rejects petitioner's argument that his counsel "failed to investigate."  In both his plea agreement with the government and at his change of plea hearing on August 12, 2008, petitioner stated he was satisfied with his counsel's representation. Petitioner does not specify the circumstances of any failure to investigate or how he was prejudiced thereby, and petitioner has not overcome the "strong presumptions" of counsel's competence and the voluntariness of his guilty plea based on his representations during the plea colloquy.  *Wilson*, 114 Fed.Appx. 770.  *Cf. United States v. Hughes,* 16 F.3d 949, 951 (8th Cir. 1994) (per curiam) (defendant who testified at plea hearing that he was satisfied with counsel's representation could not claim plea was involuntary due to counsel's failure to investigate case).

3.

Finally, the Court rejects petitioner's claim that counsel's assistance was ineffective for promising petitioner he would receive a 10 year sentence if he pleaded guilty and that he would receive the safety-valve relief and minor role.  This claim is without merit as petitioner agreed in his plea agreement with the government that he understood that the determination of the applicability of the guidelines and of the appropriate sentence would be made by the Court and that he was aware that "any estimate of the probable sentencing range under the Sentencing Guidelines that the defendant may have received from the defendant's counsel ... is merely a prediction, not a promise, and is not binding on the ... Court."  Petitioner further acknowledged that he "consulted with his attorney and fully understands his rights with respect to the provisions of the United States Sentencing Guidelines which may apply to this case," and that

"[n]o other promises or inducements have been made to the defendant, other than those expressly contained in [the plea] Agreement."  Petitioner simply has not overcome the "strong presumptions" of counsel's competence and the voluntariness of his guilty plea based on his representations in the plea agreement that no promises other than those contained in the plea agreement were made.  *Wilson*, 114 Fed.Appx. 770.[4]

III.

In sum, the Court finds that petitioner fails to identify any acts or omissions of counsel that were outside the wide range of professionally competent assistance.[5]

IT IS THEREFORE ORDERED that petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence be and it hereby is denied.

Dated this 14th day of September 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[4] For reasons stated previously, any expectation of petitioner for a 10 year sentence was baseless.

[5] In denying petitioner's § 2255 motion, the Court notes that petitioner's appointed counsel for the § 2255 evidentiary hearing, James H. Phillips, presented as good a case for petitioner as could reasonably be expected.